[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14007
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00030-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR LAVARIEGA-JUAREZ,
a.k.a. Omar Lavariega Juarez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 12, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

After he pled guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1), a federal district court sentenced Omar Lavariega-Juarez to serve a term of 24 months in prison consecutive to an undischarged 18-month state sentence.  Lavariega-Juarez appeals his federal sentence, arguing that the court failed to explain its decision to run the sentence consecutively and that the resulting sentence is substantively unreasonable.  We disagree and, accordingly, affirm.

## I.

In December 2017, Lavariega-Juarez was arrested for and charged with fleeing or eluding a law-enforcement officer at a high speed or with wanton disregard.  Shortly after his arrest, it was determined that he had previously been removed from the United States, and immigration authorities lodged an immigration detainer against him.  On May 1, 2018, a state court sentenced him to a term of 18 months of imprisonment for the fleeing-or-eluding offense.

Meanwhile, in February 2018, a federal grand jury indicted Lavariega-Juarez on a federal illegal-reentry offense.  *See* 8 U.S.C. § 1326(a), (b)(1).  He was transferred to federal custody shortly after his state sentencing in May 2018, and he pled guilty before the federal district court in June 2018.

Lavariega-Juarez's federal sentencing took place in September 2018.  Neither party reported objections to the presentence investigation report ("PSR"), which

2

calculated a guideline imprisonment range of 21 to 27 months based on a total offense level of 12 and a criminal history category of IV.

Sentencing arguments focused on the undischarged state sentence. The government recommended a fully consecutive federal sentence at the low end of the guideline range. For his part, Lavariega-Juarez requested a federal sentence that, however constructed, extended beyond the state sentence for one year and one day.[1] In a sentencing memorandum and at sentencing, Lavariega-Juarez contended the court should, in its discretion, give some credit for the time he spent in state custody since December 2017. He asserted that credit was warranted due to the immigration detainer, which made him ineligible for release from state custody, and the fact that he was not transferred to federal custody for several months after indictment.

The district court, after listening to these arguments and recognizing its discretion to run the sentence concurrently or consecutively, sentenced Lavariega-Juarez to a term of 24 months in federal prison consecutive to the state sentence. In explaining its sentence, the court stated that it had considered the PSR, Lavariega-Juarez's sentencing memorandum, the parties' arguments at sentencing, and the 18 U.S.C. § 3553(a) sentencing factors, and it cited specific facts about his criminal

---

[1] Lavariega-Juarez expressly asked the district court to sentence him to serve "a little bit above the low end" of his guideline range, but with only one year and one day of that sentence to run consecutively to his undischarged 18-month state sentence. As he acknowledges on appeal, this was effectively a request for a fully concurrent federal sentence near the low end of the guideline range, given that he expected to be discharged from the state sentence in June 2019.

history and prior removal.    Lavariega-Juarez objected to the procedural and substantive reasonableness of his sentence for the reasons stated in his sentencing memorandum and at sentencing, and this appeal followed.

On appeal, Lavariega-Juarez acknowledges that a within-guideline sentence of 24 months is reasonable for his federal offense.  But it was unreasonable, in his view, for the district court to run the federal sentence consecutively to the undischarged 18-month state sentence.  In this regard, Lavariega-Juarez makes two arguments, one procedural and one substantive:  (1) the court failed to explain its reasons for running the federal sentence consecutively; and (2) the total sentence imposed (in view of the undischarged state sentence) is substantively unreasonable.

## II.

We review a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In conducting this review, we ensure that the sentence is both free from significant procedural error and substantively reasonable.  *Id.*  Significant procedural error may include failing to adequately explain the chosen sentence.  *Id.*  If the sentence is procedurally sound, we then evaluate whether the sentence is substantively reasonably under the totality of the circumstances.  *Id.*

Sentencing courts are tasked with imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in

§ 3553(a)(2), which include retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). To that end, courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that . . . have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012); *see* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."); U.S.S.G. § 5G1.3(d) ("[T]he sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.").[2]

In determining whether to impose a sentence consecutively, concurrently, or partially concurrently to a defendant's undischarged term of imprisonment, the court must consider the § 3553(a) factors. 18 U.S.C. § 3584(b). The court should also consider the type and length of the prior undischarged sentence, the time served and time remaining on the sentence, whether the sentence was a state or federal sentence, when the sentence was imposed, and any other relevant circumstances. U.S.S.G.

---

[2] Guidance for handling undischarged state sentences is set forth in U.S.S.G. § 5G1.3. This guideline offers specific recommendations for certain scenarios, including where the instant offense was committed after sentencing for a prior offense, U.S.S.G. § 5G1.3(a), and where the prior offense involves relevant conduct, *id.* § 5G1.3(b), (c). But "[i]n any other case," the residual provision of subsection (d), quoted above, applies. Both parties agree that § 5G1.3(d) applies here.

§ 5G1.3, cmt. n.4(A).  For instance, when the prior sentence was imposed may be relevant because the statute and the guideline "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." *United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993).

Lavariega-Juarez's first argument is that the district court committed reversible procedural error by failing to explain its basis for running the federal sentence consecutive to the undischarged state sentence.  Arguably, Lavariega-Juarez failed to object on this ground below, but assuming without deciding that he preserved the issue, the court's explanation was adequate.

The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.  In doing so, the court is not required to explicitly address each § 3553(a) factor or each argument presented, though it will normally explain why it has rejected nonfrivolous reasons for imposing a different sentence. *Rita v. United States*, 551 U.S. 338, 357 (2007); *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015).  "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita*, 551 U.S. at 356.  And we will uphold the sentence so long as the court sets forth enough to satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.*

6

Lavariega-Juarez has not shown that the district court procedurally erred.  As we see it, the court did more than enough to explain its sentence.  The court stated that it had considered the PSR, Lavariega-Juarez's sentencing memorandum, the parties' arguments at sentencing, and the § 3553(a) factors, and it cited specific facts about Lavariega-Juarez's criminal history, including the prior undischarged term of imprisonment.  In other words, the court considered the arguments for and against imposing a consecutive sentence, and it resolved that issue in favor of the government and the general "preference for consecutive sentences when imprisonment terms are imposed at different times."  *Ballard*, 6 F.3d at 1506.  While the court did not expressly state its reasons for imposing a consecutive sentence, the record leaves no doubt that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita*, 551 U.S. at 356; *United States v. Gonzalez*, 550 F.3d 1319, 1324 ("An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice.").

Turning to the substantive reasonableness of the sentence, "[t]he party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  We may not "set aside a sentence merely because we would have

7

decided that another one is more appropriate." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). Rather, "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.*

Lavariega-Juarez contends that his within-guideline sentence of 24 months, while not unreasonable on its own, became unreasonable when the district court decided to run that sentence consecutive to the undischarged state sentence.[3] We disagree. The state sentence was imposed at an earlier time and for conduct not relevant to the offense of conviction. Given the "preference for consecutive sentences when imprisonment terms are imposed at different times," *Ballard*, 6 F.3d at 1506, and the fact that the state and federal sentences address different societal harms, the district court reasonably decided to impose a consecutive federal sentence. Accordingly, Lavariega-Juarez has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence.

**AFFIRMED.**

---

[3] While Lavariega-Juarez does not contend that the sentence of 24 months for the illegal reentry offense is itself unreasonable, we note that the sentence was within the guideline range and well below the statutory maximum of ten years. Both factors support the reasonableness of the sentence imposed. *See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).

8